Mr. Justice Clayton
delivered the opinion of the court.
This was an action of debt upon the record of a judgment rendered in South Carolina against the defendant, in October, 1838. This suit was commenced the 10th day of September, 1846. Two pleas were filed; one, that the defendant was discharged from arrest under mesne process in this case, by virtue -of the insolvent laws of South Carolina; the other, that the action was barred by the 14th section of the Act of Limitations, passed 24th February, 1844. See Hutch. Code, 832.
*704 Demurrers were filed to both these pleas; that to the first was sustained, and that to the second overruled. Upon leave given to amend, both parties refused, and the case was brought to this court.
We will first consider the demurrer to the second plea. The ■section of t.he statute of limitations relied on, in this case, in substance enacts, “ that no suit founded upon a judgment of a court out of this state, shall be maintained, unless commenced within six years after its rendition; provided, that in all cases of judgments heretofore obtained, which are not now barred by the statute of limitations, the plaintiff may maintain an action thereon within two years after the passage of this act, and hot afterwards.” Hutch. Code, 832.
This case falls within the proviso, and we see nothing to exempt it from its influence. The cases which fall within this part of the act are barred, without regard to the length of time the judgments were rendered before its passage.
The decision of this point in favor of the defendant, makes the consideration of the other unnecessary.
The judgment is affirmed, and cause remanded.